EXHIBIT A

| SUMMONS - CIVIL<br>JD-CV-1  Rev. 1-20<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;<br>P.B. §§ 3-1 through 3-21, 8-1, 10-13 | For information on<br>ADA accommodations,<br>contact a court clerk or<br>go to: www.jud.ct.gov/ADA. | STATE OF CONNECTICUT<br>SUPERIOR COURT<br>www.jud.ct.gov  |

**Instructions are on page 2.**

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [x] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)*<br>1061 Main Street, Bridgeport, CT  06604 | Telephone number of clerk<br>( 203 ) 579 – 6527 | Return Date *(Must be a Tuesday)*<br>05/25/2021 |
|---|---|---|
| [x] Judicial District    G.A.<br>[ ] Housing Session   [ ] Number: | At *(City/Town)*<br>Bridgeport | Case type code *(See list on page 2)*<br>Major: T    Minor: 90 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*<br>Daly, Weihing & Bochanis, 1776 North Avenue, Bridgeport, CT  06604 | Juris number *(if attorney or law firm)*<br>101227 |
|---|---|
| Telephone number<br>( 203 ) 333 – 8500 | Signature of plaintiff *(if self-represented)* | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.  [ ] Yes  [x] No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| First plaintiff | Name: Noel, Kenol<br>Address: 162 Griffin Avenue, Bridgeport, CT  06610 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: Allied Universal<br>Address: 1000 Bridgeport Avenue, Shelton, CT  06484 | D-01 |
| Additional defendant | Name:<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |
| Total number of plaintiffs: 1 | Total number of defendants: 1   [ ] Form JD-CV-2 attached for additional parties | |

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date<br>04/26/2021 | Signed *(Sign and select proper box)* | [x] Commissioner of Superior Court<br>[ ] Clerk | Name of person signing<br>John T. Bochanis |
|---|---|---|---|

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

Page 1 of 2

| | | |
|---|---|---|
| RETURN DATE: MAY 25, 2021 | : | SUPERIOR COURT |
| KENOL NOEL | : | J.D. OF FAIRFIELD |
| VS. | : | AT BRIDGEPORT |
| ALLIED UNIVERSAL | : | APRIL 26, 2021 |

## COMPLAINT

### FIRST COUNT

1) The Plaintiff, Kenol Noel, is African American, black.

2) The Defendant, Allied Universal, is a company that does business in the State of Connecticut with a place of business located at 1000 Bridgeport Avenue, Shelton, Connecticut and employs 25 or more employees.

3) The Plaintiff, Kenol Noel, began working for the Defendant on or about March 2015 and was employed as a security guard.

4) On or about February 12, 2018 the Plaintiff was assigned to a security job position located at NBC Sports facility in Stamford, Connecticut.

5) On or about February 12, 2018 the Plaintiff contacted the Defendant to report that he missed the train stop for Stamford while the Plaintiff was on the train traveling from Bridgeport for his work shift in Stamford at the NBC Sports facility. The Plaintiff contacted the Defendant immediately after realizing that he had missed the Stamford train stop.

6) The Defendant reported that the Plaintiff was a "no call, no show" and discharged the Plaintiff from employment on February 12, 2018. Contrary to this claim the Plaintiff did contact his Defendant employer about missing the train stop.

7) Prior to the Plaintiff's discharge, Plaintiff's twin brother was employed by the Defendant and after Plaintiff's brother's discharge, Plaintiff's brother filed a complaint with the State of Connecticut Commission on Human Rights and Opportunities. While Plaintiff's brother's complaint was pending with the Commission on Human Rights and Opportunities, Plaintiff's supervisor asked him about the circumstances of his brother's discharge.

8) The Defendant had in effect a progressive disciplinary policy which policy the Defendant failed to implement in its discharge of Plaintiff's employment.

9) The Defendant has discriminated against the Plaintiff in the terms and conditions of his employment by discharging Plaintiff as a result of his race and color; and retaliated against Plaintiff due to his brother's charge of discrimination filed with the Commission on Human Rights and Opportunities including discharging Plaintiff from employment due to his race and color all in violation of Connecticut General Statutes Section 46a-60(b)(1) and 46a-60(a)(4) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e and the Civil Rights Act of 1991.

10) As a further result thereof, the Plaintiff will lose salary, benefits and other perquisites of employment and has suffered and will continue to suffer from

extreme humiliation, mental anxiety and emotional distress and has been and/or will be required to assume various incidental expenses and his life's activities have been impaired.

11) The Plaintiff has sought and obtained a release of jurisdiction from the proper administrative agencies.

## SECOND COUNT

1-9) Paragraphs 1 through 9 of the First Count are incorporated herein and made paragraphs 1 through 9 of this the Second Count.

10) As hereinbefore described, the Defendant, Allied Universal, through its agents, servants and employees, orally represented to the Plaintiff through his period of employment from March 2015 to the date of his discharge that he was satisfactorily performing his work for the Defendant. The Defendant further represented to the Plaintiff during his hiring and employment that a policy existed whereby he would not be discharged from employment without the application of a progressive disciplinary policy and without just cause.

11) The Plaintiff did not seek other employment possibilities and/or opportunities, thus relying to his detriment on the hereinbefore described oral expressed and implied promises and statements, and/or representations together with the progressive disciplinary policy, and just cause basis for termination of employment, as aforesaid made by the Defendant, Allied Universal, through its agents, servants and/or employees.

3

12) Based on the policy described above, the Defendant, Allied Universal, knew or should have known, that the oral expressed and/or implied assurances statements and/or representations that the Plaintiff's work was satisfactory and that a progressive disciplinary policy and just cause policy would be followed were false when they were made to the Plaintiff during the period of the Plaintiff's employment.

13) The false assurances made by the Defendant, Allied Universal, were negligent misrepresentations, which caused the Plaintiff harm, thus entitling him to damages.

14) As a direct and proximate result of the conduct of the Defendant, Allied Universal, and the negligent misrepresentations made by them as aforesaid, the Plaintiff has been deprived of his position and employment at the Defendant, Allied Universal, he has lost and will continue to lose earnings and benefits; his earning capacity has been substantially impaired; he has lost and will continue to suffer from humiliation and severe physical and emotional injuries and distress; he has and will continue to incur litigation expenses and attorney's fees; and, the quality of his life has been substantially diminished, all to his loss and detriment.

## THIRD COUNT

1-11) Paragraphs 1-11 of the Second Count are incorporated herein and made Paragraphs 1-11 of this the Third Count.

12) In reliance on the hereinbefore described oral statements of the Defendant through its agents, servants and/or employees and the existence of a progressive

4

disciplinary policy, and that the Plaintiff would not be discharged without just cause, the Plaintiff continued employment with the Defendant.

13) The Plaintiff's reliance was reasonable under the circumstances.

14) The Defendant knew or should have known that their actions were inconsistent with their statements.

15) The Plaintiff has been damaged as a direct and proximate result of his reasonable reliance upon the Defendant's statements.

16) As a direct and proximate result of the conduct of the Defendant as aforesaid, the Plaintiff has lost and will continue to lose earnings and benefits, his earning capacity has been substantially impaired, he has lost and will continue to suffer from humiliation and severe physical and emotional injuries and distress, he has and will continue to incur litigation expenses and attorney's fees and the quality of his life has been substantially diminished, all to his loss and detriment.

**WHEREFORE THE PLAINTIFF CLAIMS:**

1) Monetary damages

2) Attorney's fees as to the first count

3) Such other and further relief as in law and equity may pertain.

THE PLAINTIFF

BY _____
JOHN T. BOCHANIS
DALY, WEIHING & BOCHANIS
1776 North Avenue
Bridgeport, CT 06604
(203) 333-8500
Juris No. 101227

| | | |
|---|---|---|
| RETURN DATE: MAY 25, 2021 | : | SUPERIOR COURT |
| KENOL NOEL | : | J.D. OF FAIRFIELD |
| VS. | : | AT BRIDGEPORT |
| ALLIED UNIVERSAL | : | APRIL 26, 2021 |

### STATEMENT RE: AMOUNT IN DEMAND

The amount of legal interest or property in demand is not less than FIFTEEN THOUSAND ($15,000.00) DOLLARS, exclusive of interest and costs.

THE PLAINTIFF

BY _____
JOHN T. BOCHANIS
DALY, WEIHING & BOCHANIS
1776 North Avenue
Bridgeport, CT 06604
(203) 333-8500
Juris No. 101227

STATE OF CONNECTICUT:

SS: Shelton   April 28, 2021

COUNTY OF FAIRFIELD:

    Then and there and by virtue hereof and by direction of the Plaintiff's Attorney, I left a true and attested copy of the within original Summons, Complaint and Statement re: Amount in Demand in the hands of the within named Defendant:

    Allied Universal c/o Evrard Jean Luc Carrena, Operation Manager, 1000 Bridgeport Avenue, 2nd Floor, Shelton, CT

    And afterwards on the 30th day of April, 2021, in the County of Fairfield, City of Bridgeport, CT, I sent a verified true and attested copy of the within original Summons, Complaint and Statement re: Amount in Demand to the within named Defendant, **Allied Universal, Eight Tower Bridge, 161 Washington Street, Suite 600, Conshohocken, PA 19428** via USPS Certified Mail No. 7020 3160 0000 6109 3480 and Return Receipt.

    Supplemental Return to Follow

    The within is the original Summons, Complaint and Statement re: Amount in Demand with my doings hereon endorsed.

ATTEST:

Christopher Paoletti
STATE MARSHAL
FAIRFIELD COUNTY

Fees:

| | |
|---|---|
| Pages | 16.00 |
| Service | 80.00 |
| Travel 12 | 6.96 |
| Endorsements | 3.20 |
| Postage | 7.16 |
| Total | 113.25 |



Christopher Paoletti, State Marshal
3301 Main Street
Bridgeport, CT 06606

Allied Universal

Eight Tower Bridge

161 Washington Street, Suite 600

Conshohocken, PA 19428

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Allied Universal<br>Eight Tower Bridge<br>161 Washington St., Ste. 600<br>Conshohocken, PA 19428 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 6530 0346 4934 87 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☒ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7020 3160 0000 6109 3480 | |
| PS Form 3811, July 2020 PSN 7530-02-000-9053 | Domestic Return Receipt |